IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANE A. KITTERMAN,
No. B-80577,

Petitioner,

vs.                                    Case No. 16-cv-684-DRH

JOHN GARNETT,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a state prisoner currently incarcerated in the Big Muddy River Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

The petition was filed on June 22, 2016. Petitioner challenges his three St. Clair County convictions for failure to register as a sex offender: St. Clair County Circuit Court Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373. In Case No. 14-CF-1422, he was found guilty following a jury trial. He entered guilty pleas in the other two cases. On August 20, 2015, he was sentenced to three years in each case, with the 2014 and 2015 case sentences ordered to be served consecutively, and the 2012 sentence concurrent (Doc. 1, pp. 1-2).

Petitioner notes that he filed directs appeal from each of the convictions. His appeals are still pending before the Illinois Appellate Court, Fifth District. He has filed a brief in the 2012 and 2015 cases, and the state's response brief is not

due until November 2016. He states he has not yet filed a brief in the 2014 case (Doc. 1, p. 13).

Petitioner seeks relief on the basis that his duty to register as a sex offender, which originated with a 1995 offense, terminated before he was charged in the 2012, 2014, and 2015 cases. He raised this issue in Case No. 12-CF-1204 (Doc. 1, p. 25). In rejecting this affirmative defense, the trial court noted that the question of the legitimacy of requiring petitioner to register as a sex offender is reserved for appeal. *Id*.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d

980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner's appeals are still pending before the state appellate court. In the event his appeals do not succeed, he will have the opportunity in the future to seek review from the Illinois Supreme Court. If petitioner were to obtain relief from the state courts on the issues he has raised on appeal, review by this Court would be unnecessary. In any case, it is premature to bring his claims in federal court at this time. Until petitioner fully completes the state appellate review process, his claims remain unexhausted. Further, petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter.

### Disposition

For the reasons stated above, the instant habeas petition is **DISMISSED**

without prejudice. If necessary, petitioner may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1).

All pending motions are **DENIED AS MOOT.**

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

<u>**Certificate of Appealability**</u>

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of

appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief at this time because he has not yet exhausted his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: August 1, 2016**

Judge Herndon
2016.08.01
15:12:36 -05'00'

**United States District Judge**